**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

Lynn Bumstead,

                Plaintiff,

    -against-

Equifax Information Services LLC,
Experian Information Solutions, Inc., and
Nelnet Servicing, LLC,

              Defendant(s).

Case No.:

**COMPLAINT AND DEMAND**
**FOR JURY TRIAL**

Plaintiff Lynn Bumstead, by and through counsel, and as for this Complaint against

Defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc.

("Experian"), (Equifax and Experian, each a "Bureau" and collectively "Bureaus"), and Nelnet

Servicing, LLC ("Nelnet" or "Furnisher"), respectfully sets forth, complains, and alleges, upon

information and belief, the following:

1.      Plaintiff brings this action for damages arising from Defendants' violations of 15

U.S.C. § 1681 et seq., the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as

15 U.S.C. § 1681p *et seq.* and 15 U.S.C. § 1692 *et seq.*

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as a

substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff

resides here, and the Defendants transact business here.

## PARTIES

4.      Plaintiff is a resident of the State of Michigan, County of Kent.

5.     At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

6.     Defendant Equifax Information Services LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

7.     Equifax is a Georgia corporation registered to do business in this State and may be served with process upon its registered agent c/o CSC-Lawyers Incorporating Service, 2900 West Road, Suite 500, East Lansing, MI 48823.

8.     Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

9.     At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

10.    Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

11.    Experian is an Ohio corporation registered to do business in this State, and may be served with process upon its registered agent c/o The Corporation Company, 40600 Ann Arbor Road E, Suite 201, Plymouth, MI 48170.

12.    Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

13.     At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

14.     Defendant Nelnet is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

15.     Nelnet has an address for service at The Corporation Company, 40600 Ann Arbor Road E, Suite 201, Plymouth, MI 48170.

## FACTUAL ALLEGATIONS

16.     Plaintiff incorporates the above allegations as if set forth here.

17.     Sometime prior to the events relevant here, Plaintiff allegedly incurred a financial obligation for student loans to Nelnet.

18.     The Nelnet accounts had balances of:

   a.  $22,439.00 ("Account 1"),

   b.  $6,174.00 ("Account 2"),

   c.  $12,295.00 ("Account 3"),

   d.  $9,087.00 ("Account 4"),

   e.  $23,949.00 ("Account 5"),

   f.  $8,188.00 ("Account 6"),

   g.  $25,076.00 ("Account 7"),

   h.  $6,174.00 ("Account 8"),

   i.  $6,147.00 ("Account 9"),

   j.  $12,295.00 ("Account 10") (Accounts 1-10, each an Account and collectively, "Accounts").

19.     It appears that Nelnet was a servicer for the Accounts.

20.     Most recently, the Accounts were serviced by the Higher Education Loan Authority of the State of Missouri, known as Mohela.

21.     On or about May 10, 2023, Plaintiff received a letter from Mohela stating that Plaintiff's Accounts were forgiven due to the Public Service Loan Forgiveness Program ("Forgiveness Letter").

22.     The Public Service Loan Forgiveness (PSLF) Program allows a borrower to receive forgiveness of the remaining balance of a Direct Loans after making 120 qualifying monthly payments while working full time for a qualifying employer.

23.     Qualifying employers are:

    a.  A government organization, including volunteering with AmeriCorps or Peace Corps,

    b.  A 501(c)(3), not-for-profit organization, or

    c.  A not-for-profit organization that is not a 501(c)(3) organization and which provides certain qualifying services. [1]

24.     The Forgiveness Letter states, "your loans listed below have been forgiven. **Thank you for your public service!**" (emphasis in original).

25.     The Forgiveness Letter itemizes all the Accounts as being forgiven.

26.     The Forgiveness Letter shows an outstanding balance of $0.00 for each.

27.     Plaintiff no longer had an obligation to these Accounts as they were forgiven.

28.     However, on or around June 2023, Plaintiff noticed that the Accounts were being reported on his credit report with balances, despite the loan forgiveness.

29.     The balances for the Accounts are false.

---

[1] https://www.mohela.com/DL/secure/borrower/PSLF/PSLFInformation.aspx

30.    Defendants were reporting these inaccurate balances.

31.    On or around June 20, 2023, Plaintiff disputed the balances of the Accounts ("Dispute").

32.    Plaintiff sent the Dispute to each Bureau.

33.    Plaintiff also sent his Dispute to Trans Union.

34.    In his Dispute, Plaintiff described the loan forgiveness pursuant to the PSLF Program.

35.    Plaintiff described the letter from Mohela and that he had a copy it if necessary.

36.    He also provided Mohela's number for Defendants to confirm Plaintiff's narrative.

37.    He provided his Mohela reference number in his Dispute.

38.    Each Bureau is required to notify Furnisher of Plaintiff's dispute.

39.    It appears and is therefore averred that each Bureau notified Furnisher of Plaintiff's disputes(s).

40.    It appears and is therefore averred that Trans Union notified Furnisher of Plaintiff's disputes(s).

41.    Upon receipt of the dispute of the account by the Plaintiff from each Bureau, Furnisher failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed accounts.

42.    Had Furnisher done a reasonable investigation it would have been revealed to Furnisher that the account is inaccurate.

43.    A reasonable investigation by each Bureau would have revealed that the Account was being reported inaccurately.

44.     A reasonable investigation by Defendants would have revealed that the accounts are being incorrectly reported.

45.     Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the Accounts, Defendants did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

46.     In contrast to Defendants, Trans Union corrected the Account reporting in response to Plaintiff's dispute.

47.     Had Defendants conducted a reasonable investigation, the results would have mirrored Trans Union's response and corrected the inaccurate reporting.

48.     Each Bureau's actions described herein violated 15 U.S.C. § 1681i by, inter alia, failing to conduct a reasonable investigation and failing to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

49.     Each Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

50.     Furnisher's actions described herein violated 15 U.S.C. 1681s-2 (b).

51.     Defendants knew or had reason to know the information was inaccurate.

52.     Each Defendant was in possession of documentation of the inaccuracies of the Account yet persisted in reporting it anyway.

53.     Each Defendant had access to documentation of the inaccuracies of the Account yet persisted in reporting it anyway.

54.     Upon information and belief, each Defendant failed to contact Mohela during its investigation.

55.     Each Defendant failed to call Plaintiff as part of its investigation.

56.     Each Defendant failed to email Plaintiff as part of its investigation.

57.     Each Defendant failed to communicate with Plaintiff as part of its investigation.

58.     Had each Bureau enacted and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report, the inaccurate account information would not have appeared on Plaintiff's credit report.

59.     Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

60.     Furnisher continued to furnish credit data which is inaccurate and materially misleading, and each Bureau's reporting of the above-referenced trade line continued to be inaccurate and materially misleading.

61.     On information and belief, on a date better known to each Bureau, it prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to the Accounts.

62.     The information furnished by Furnisher and published by each Bureau improperly, falsely, and inaccurately characterizes Plaintiff's account information.

63.     Each Bureau reported this improper and inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they disseminated to various persons and credit grantors, both known and unknown.

### Damages

64.     As a result of each Defendant's failure to comply with the FCRA, Plaintiff has been damaged.

65.     Defendants' erroneous reporting affected Plaintiff's reputation, creditworthiness, and credit score.

66.    Plaintiff suffered damage to his reputation as it falsely appeared as if he had a balance on ten accounts.

67.    Plaintiff suffered damage to his reputation as it falsely appeared as if he was delinquent on ten accounts.

68.    Plaintiff suffered damage to his reputation as it falsely appeared as if he had total balance of more than one hundred twenty-five thousand dollars.

69.    This false information was published to numerous third parties.

70.    This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful financial affairs.

71.    Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify Defendants' willful and negligent actions, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, a chilling effect on applications for credit, impacted sleep, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial and having others see the false credit information.

72.    Plaintiff was denied credit due to Defendants' actions.

73.    Plaintiff was unable to obtain loans due to Defendants' actions.

74.    Plaintiff was denied a loan when he applied to SoFi.

75.    Plaintiff was denied a loan when he applied to Digital Federal Credit Union.

76.    Plaintiff was denied a credit card when he applied to Capital One.

77.    Plaintiff's credit denials were due in whole or in part to each Defendant's improper actions described above.

**FIRST CAUSE OF ACTION**
**(Violation of the FCRA as to each Bureau)**

78.     Plaintiff incorporates the allegations above the First Cause of Action as if set forth

here.

79.      This is an action for willful and/or negligent violation of the Fair Credit

Reporting Act, 15 U.S.C. § 1681 et seq.

80.     Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow

reasonable procedures to assure maximum possible accuracy in the preparation of the credit

report and credit files that each Bureau maintained or furnished concerning the Plaintiff.

81.     Each Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable

investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's dispute(s)

and by failing to maintain reasonable procedures with which to verify the disputed information in

Plaintiff's credit file.

82.     Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the

Dispute to Furnishers or, in the alternative, if each Bureau did comply with Section 1681i

(a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all

relevant information received from Furnishers.

83.     Each Bureau has willfully and recklessly, or in the alternative negligently, failed to

comply with the Act.

84.     The failure of each Bureau to comply with the Act include but is not necessarily

limited to:

        a.  The failure to follow reasonable procedures to assure the maximum possible

            accuracy of the information reported;

    b.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    c.   The failure to promptly and adequately investigate information which each Bureau had notice was inaccurate;

    d.   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    e.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Bureau to delete;

    f.   The failure to take adequate steps to verify information each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

    g.   The failure to provide notice of a dispute to the Furnisher(s) or, in the alternative, the failure to provide Plaintiff all relevant information received from the Furnisher(s) in response to a dispute.

85.    As a result of the conduct, action and inaction of each Bureau, Plaintiff suffered damage as described above.

86.    The conduct, action and inaction of each Bureau was willful rendering each Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

87.    In the alternative, the conduct, action, and inaction of each Bureau was negligent, entitling  the Plaintiff to damages under 15 U.S.C. § 1681o.

88.    Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an  amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

**SECOND CAUSE OF ACTION**
**(Violation of the FCRA as to Furnisher)**

89.    Plaintiff incorporates the allegations above the First Cause of Action as if set forth

here.

90.    This is an action for willful and/or negligent violations of the Fair Credit Reporting

Act, 15 U.S.C. § 1681 et seq.

91.    Pursuant to the Act, all persons who furnished information to reporting agencies

must participate in re-investigations conducted by the agencies when consumers dispute the

accuracy and completeness of information contained in a consumer credit report.

92.    Pursuant to the Act, furnishers of disputed information must be notified by the credit

reporting agency when the agency receives a notice of dispute from a consumer such as the

Plaintiff.

93.    The Furnisher must then conduct a timely investigation of the disputed information

and review all relevant information provided by the agency.

94.    The results of the investigation must be reported to the agency and, if the

investigation reveals that the original information is incomplete or inaccurate, the Furnishers

must report the results to any other agencies which were supplied such information.

95.    Upon information and belief, and as described above, Furnisher(s) received notice of

Plaintiff's dispute(s) from one or more of the Bureaus, or Trans Union.

96.    Furnisher violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not

limited to, failing to fully and properly investigate the dispute(s) of the Plaintiff, failing to review

all relevant information regarding same, and failing to correctly report results of an accurate

investigation to the credit reporting agencies.

97.     Furnisher continued to report this information on the Plaintiff's credit report after being notified of the dispute(s) regarding the Account(s) as described above.

98.     As a result of the conduct, action, and inaction of Furnishers, Plaintiff suffered damage as described above.

99.     The conduct, action, and inaction of Furnisher was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

100.    In the alternative, the conduct, action, and inaction of Furnisher was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

101.    Plaintiff is entitled to recover reasonable costs and attorney's fees from each Furnishers in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

WHEREFORE, Plaintiff demands judgment for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## DEMAND FOR TRIAL BY JURY

102.    Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Bureau:

a)  For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b)  For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c)  For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d)  For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e)  For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f)  For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15

U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3);

g)  For any such other and further relief, as well as further costs, expenses and

disbursements of this action as this Court may deem just and proper.

Dated:  October 24, 2023

Respectfully submitted,

**Stein Saks, PLLC**

s/ Eliyahu Babad
By:  Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 x121
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*